IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LANG VO TRAN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-302-DRH |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

    Plaintiff, an inmate at the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

**THE COMPLAINT**

Plaintiff alleges that in November 2006, he was diagnosed with a hernia. From November 2006 to June 2008, Plaintiff was confined at the Menard Correctional Center. Plaintiff states that during this time period "he complained [about] and was denied adequate treatment for this hernia."

From June 2008 to November 2008, Plaintiff was confined at Pontiac Correctional Center. Plaintiff asserts that during this time period he "requested medical attention . . . [but was provided] no relief or surgery to relieve pain from hernia."

From November 2008 through the date of the complaint, Plaintiff has been confined at Shawnee Correctional Center. Plaintiff states that he has "again requested medical attention and again been denied treatment and medicine to alleviate pain [from the hernia]."

Plaintiff claims that his "civil rights are being violated" and he asserts that Defendants Illinois Department of Corrections (IDOC), Walker, David, Mahone, and Pollion "should be held accountable for the issue." The complaint identifies Defendant Walker as the Director of the IDOC;

Defendant Mahone as the medical director at Pontiac Correctional Center; Defendant Pollion as a certified nurse practitioner at Menard Correctional Center; and Defendant David as a physician at Shawnee Correctional Center.

**DISCUSSION**

"Deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the

> official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).

Even liberally construed, the Court concludes that the instant complaint fails to state a claim that the Defendants violated Plaintiff's Eighth Amendment rights. Put simply, Plaintiff has not pleaded enough facts from which the Court can reasonably infer that these Defendants were deliberately indifferent to his hernia. There is, for example, no allegation that Plaintiff was examined by these Defendants or that these Defendants were even aware of Plaintiff's medical condition by some other means (complaints or grievances). The relationship between these

Defendants and Plaintiff's alleged Eighth Amendment violation - being denied treatment for his hernia - is so sketchy that it cannot be but entirely guessed at. Are Defendants Mahone, Pollion, and David treating personnel or are they merely department heads?

If the later, it appears that - like Defendant Walker - Plaintiff is attempting to hold them liable on a theory of respondeat superior. The doctrine of respondeat superior, however, does not apply in § 1983 cases. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). For these reasons, Plaintiff's complaint should be dismissed for failing to state a claim upon which relief may be granted.

Plaintiff's claim against the IDOC should be dismissed for the additional reason that the IDOC is not a "person" for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A because the allegations in the complaint fail to create a reasonable inference that the Defendants are liable to Plaintiff for the alleged violations of his rights. Plaintiff's claims against Defendants Walker and the IDOC are **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's claims against Defendants Mahone, Pollion, and David are **DISMISSED**, without prejudice. Plaintiff is granted leave to file an amended complaint, within 60 days, against these Defendants which adequately pleads why these Defendants are liable for the alleged violations of Plaintiff's rights. All

pending motions are **DENIED** as moot.

**DATED:** December 4, 2009.

/s/ David R Herndon
**DISTRICT JUDGE**