IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LANG VO TRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-00302-DRH-DGW |
| ) | |
| ALFONSO DAVID, et al. ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(b), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a report and recommendation on the question of whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing suit.

It is **RECOMMENDED** that the Court **FIND** that Plaintiff did exhaust his administrative remedies as to Defendant Alfonso David on his claim for deliberate indifference to his serious medical need; and that Defendant David's Motion for Summary Judgment (Doc. 43) be **DENIED**.  It is **FURTHER RECOMMENDED** that the Court **FIND** that Plaintiff did not exhaust his administrative remedies as to Defendants Lisa Gales, Sylvia Mahone, Adrian Feinerman and Mikhail Magdel; that the Motions for Summary Judgment filed by Defendants Gales, Mahone, Feinerman and Magdel (Docs. 27, 34, 37, 38) be **GRANTED**; that Defendants Gales, Mahone, Feinerman and Magdel be **DISMISSED**; and that the Court adopt the undersigned's findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff Lang Vo Tran is an inmate currently incarcerated at the Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff, proceeding *pro se*, brings this suit pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights (Doc. 6). He alleges that Defendants Adrian Feinermen, Mikhail Magdel, Lisa Gales, Sylvia Mahone, Alfonso David and Olukunle Obadina failed to adequately treat Plaintiff's golf-ball sized hernia while he was incarcerated at Menard Correctional Center ("Menard"), Pontiac Correctional Center ("Pontiac"), Shawnee Correctional Center ("Shawnee") and Pinckneyville in violation of his Eighth and Fourteenth Amendment rights. *Id*.

*Factual Background*

In his Amended Complaint, Plaintiff alleges that Defendant Sylvia Mahone[1] is a physician employed at the Illinois Department of Corrections ("IDOC") at Pontiac, Defendant Alfonso David[2] is a physician employed at the IDOC at Shawnee, Defendant Olukunle Obadina[3] is a physician at the IDOC at Pinckneyville, and Defendants Adrian Feinerman,[4] Mikhail Magdel[5] and Lisa Gales[6] are physicians employed with the IDOC at Menard (Doc. 6).

---

[1] Defendant Mahone admits that she was employed as a physician within the IDOC at Pontiac when she provided medical treatment to Plaintiff. *See* Defendant Mahone's Answer to Amended Complaint (Doc. 11).

[2] Defendant David admits that he was employed as a physician within the IDOC at Shawnee when he provided medical treatment to Plaintiff. *See* Defendant David's Answer to Amended Complaint (Doc. 41).

[3] Defendant Obadina has not been served in this case.

[4] Defendant Feinerman neither admits nor denies that he was employed as a physician within the IDOC at Menard when he provided medical treatment to Plaintiff. *See* Defendant Feinerman's Answer to Amended Complaint (Doc. 32).

[5] Defendant Magdel neither admits nor denies that he was employed as a physician within the IDOC at Menard when he provided medical treatment to Plaintiff. *See* Defendant Magdel's Answer to Amended Complaint (Doc. 33).

2

According to IDOC records, Plaintiff was incarcerated at Menard from January 18, 2002 to June 24, 2008 (Doc. 38-1). He was transferred to Pontiac on June 25, 2008, and remained there until October 7, 2008. *Id*. Plaintiff was incarcerated at Shawnee from October 8, 2008 to October 20, 2009. *Id*. He was transferred to Pinckneyville on October 21, 2009, and remains there today. *Id*.

*Procedural History*

In answering the Amended Complaint, Defendants Mahone, Feinerman and David raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. S 1997(e)(a) (Docs. 11, 32, 41). Thus, the undersigned set the matter for hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (Doc. 44). The Court limited pre-hearing discovery exclusively to the issue of exhaustion of remedies. *Id.*

Defendants Mahone, Feinerman, Magdel and Gales filed Motions for Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit (Docs. 27, 34, 37, 38). Defendant David filed a motion requesting to join the Motion for Summary Judgment filed by Defendants Feinerman and Magdel (Doc. 43). That motion was granted, therefore the Court will apply the arguments raised in the motion for summary judgment and at the hearing to Defendant David (Doc. 46). Plaintiff did not file a response to the motions for summary judgment.

In their motion, Defendants Mahone, Feinerman, Magdel and David contend that Plaintiff did not follow the proper administrative procedure in his two attempts to grieve the issue concerning his hernia (Docs. 27, 34). Defendant Gales argues that Plaintiff did not file any

---

[6] Defendant Gales denies that she is a physician, but admits that she was employed by the IDOC at Menard when she provided medical treatment to Plaintiff. *See* Defendant Gales's Answer to Amended Complaint (Doc. 28).

grievance with the Administrative Review Board ("ARB") while he was incarcerated at Menard that concerned the medical treatment provided by Gales for his hernia (Doc. 38).

Attached to the motions for summary judgment filed by Mahone, Magdel, Feinerman and David is the affidavit of Sherry Benton, Chairperson of the ARB. Benton avers that she searched ARB records and found the following grievances:

1. While incarcerated at Shawnee, Plaintiff sent a letter to the ARB dated October 12, 2008 stating that he was denied adequate medical treatment for his hernia during his confinement at Menard and Pontiac. The letter was returned to him on October 30, 2008, advising him that if he was still having problems getting medical treatment for his hernia at Shawnee, he needed submit the proper grievance forms (Docs. 27-1, 34-1).

2. Plaintiff filed a nearly identical grievance on December 8, 2008 stating that he had been denied adequate medical treatment for his hernia while incarcerated at Menard, Pontiac and Shawnee. Specifically, Plaintiff complains that after he was transferred to Shawnee, Defendant David would not send him to a hospital or give him pain medication for his hernia. The Grievance Counselor reviewed the grievance on December 10, 2008. The Grievance Officer reviewed the Counselor's report and recommended that the grievance be denied on December 24, 2008. On January 12, 2009, the Chief Administrative Officer ("CAO") denied the grievance. Plaintiff appealed the decision of the CAO on February 1, 2009. However, the appeal was not received by the ARB until March 19, 2009. The grievance was returned unreviewed because it was submitted outside the 60-day timeframe (Docs. 27-1, 34-1, 38-1).

Ms. Benton averred that she found no other grievances regarding the medical treatment for Plaintiff's hernia during the dates he was incarcerated at Menard and Pontiac (Docs. 27-1, 34-1, 38-1).

*Pavey Hearing*

In light of the Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the undersigned held a hearing in the matter on December 15, 2010 to determine whether Plaintiff had properly exhausted his administrative remedies (*See* Hearing Transcript).

At the hearing, Plaintiff explained that he took all necessary steps to properly exhaust his December 8, 2008 grievance. Plaintiff testified that he appealed the decision of the CAO on February 1, 2009, and placed the appeal in the prison's mail system that same day. Plaintiff was unable to explain why the ARB did not receive his appeal until March 19, 2009.

Defendants argued that there is no evidence that Plaintiff mailed his appeal on February 1, 2009, nor is there any explanation as to why the ARB received the appeal more than one month after Plaintiff allegedly placed the appeal in the prison's mail system. In the event that the Court finds that Plaintiff's appeal was timely, Defendants argued that Plaintiff exhausted his administrative remedies only as to the physician at Shawnee who treated Plaintiff in the 60 days preceding the filing of the grievance. Defendants maintained that all claims against the physicians and medical professionals employed at Menard, Pontiac and Pinckneyville were not properly exhausted.

## CONCLUSIONS OF LAW

*Summary Judgment Standard*

Summary judgment is appropriate where the pleadings, discovery and disclosure materials on file and any affidavits show that there is no genuine issue of material fact and that

the moving party is entitled to judgment as a matter of law. *Estate of Suskovich v. Anthem Health Plans of Va., Inc.*, 553 F.3d 559, 563 (7th Cir. 2009)(citing Fed. R. Civ. P. 56(c)); *accord Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008); *Levy v. Minn. Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).

In ruling on a summary judgment motion, the Court construes all facts and reasonable inference in the light most favorable to the non-moving party. *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

The non-moving party cannot rest on its pleadings, though; to avoid summary judgment, the non-moving party must provide evidence on which a reasonable fact-finder could find in favor of the non-moving party. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). As the Seventh Circuit recently explained:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party.

*Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 531-32 (7th Cir. 2009) (citation omitted) (citing Fed. R. Civ. P. 56(e); *Plasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006)).

*Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182

6

F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The law of the Seventh Circuit emphasizes that the purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims administratively/internally, prior to federal litigation. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Porter v. Nussle*, 534 U.S. 516, 524-525 (2002).

The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. Ill. Admin. Code tit. 20 § 504.810 *et seq*. (2003). An inmate must first attempt to resolve the complaint informally through his counselor. Ill. Admin. Code tit. 20 § 504.810(a) (2003). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. Ill. Admin. Code tit. 20 § 504.810 (2003). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. Ill. Admin. Code tit. 20, § 504.830 (2003). An inmate may appeal the decision of the CAO in writing within 30 days. Ill. Admin. Code tit. 20, § 504.850 (2003); *see also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

Failure to exhaust is an affirmative defense on which defendants have the burden of proof. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). "Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must 'establish affirmatively' that the evidence is so one-sided that no reasonable factfinder could find that [plaintiff] was prevented from exhausting his administrative remedies." *Schaefer v. Bezy*, 336 Fed.Appx. 558, 560 (7th Cir. 2009) (citing *Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.*, 971 F.2d 37, 42 (7th Cir. 1992)).

Based upon the evidence in the record and the testimony presented at the hearing, it is clear that Plaintiff did not exhaust administrative remedies as to the October 17, 2008 grievance which was sent directly to the ARB without the proper grievance forms.

The Court, however, finds that Plaintiff's failure to exhaust remedies as to the December 8, 2008 grievance was innocent. Plaintiff properly filed this grievance by giving it to the grievance counselor and filing a timely appeal to the ARB. Although the appeal was not received by the ARB until March 19, 2009, the Court finds credible Plaintiff's statement that he placed his appeal in the prison's mail system on February 1, 2009. This case is similar to *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006). In *Dole*, the inmate placed his grievance in the chuckhole for the guard to pick up and send to the ARB. The Seventh Circuit held that, where the inmate followed the correct procedures to submit his grievance, but it was not processed due to mistakes on the part of prison employees, the affirmative defense of failure to exhaust fails. 438 F.3d at 811. Here, Plaintiff is unable to explain why his appeal did not reach the ARB until March 19, 2009. The Court does not suggest that the prison officials interfered with it in any manner. However, the fact remains that Plaintiff did everything he could to perfect his appeal.

Whether the grievance sufficiently exhausted administrative remedies against all Defendants named in the Amended Complaint is discussed below.

*The Sufficiency of the Grievance*

In his Amended Complaint, Plaintiff alleges that Defendants Mahone, Feinerman, Magdal, Gales, David and Obadina, physicians at Menard, Pontiac, Shawnee and Pinckneyville, denied him medical care while he was incarcerated at each correctional center. The December 8, 2008 grievance, however, was submitted while Plaintiff was incarcerated at Shawnee and it describes incidents that occurred at Menard, Pontiac and Shawnee.

The Illinois Administrative Code provides that issues that occur at a different facility than where the inmate is housed are to be grieved directly to the ARB. Ill. Admin. Code tit. 20 § 504.870(a)(4) (2003). Other than the October 17, 2008 letter to the ARB, there is no record that Plaintiff submitted grievances regarding his hernia while he was incarcerated at Menard or Pontiac (Docs. 27-1, 34-1, 38-1). Furthermore, neither Plaintiff nor Defendants have presented evidence that Plaintiff filed a grievance concerning his hernia since he has been incarcerated at Pinckneyville. For this reason alone, Plaintiff exhausted his administrative remedies only as to the incidents that occurred at Shawnee.

Furthermore, since Plaintiff filed his grievance on December 8, 2008, he will be deemed to have exhausted his administrative remedies only to those incidences that occurred in the 60 days preceding the filing of the grievance. Ill. Admin. Code tit. 20 § 504.810 (2003). Plaintiff filed his grievance on December 8, 2008. Thus, only those incidents he references in his grievance that occurred between October 9, 2008 and December 8, 2008 are exhausted. Since Plaintiff was incarcerated at Shawnee from October 7, 2008 to December 8, 2008, Plaintiff has

9

exhausted his administrative remedies only as to the incidents that occurred at Shawnee. Accordingly, Plaintiff exhausted his administrative remedies only as to Defendant David.[7]

## Conclusion

For the reasons stated above, it is **RECOMMENDED** that the Court **FIND** that Plaintiff did exhaust his administrative remedies as to Defendant Alfonso David on his claim for deliberate indifference to his serious medical need; and that Defendant David's Motion for Summary Judgment (Doc. 43) be **DENIED**. It is **FURTHER RECOMMENDED** that the Court **FIND** that Plaintiff did not exhaust his administrative remedies as to Defendants Lisa Gales, Sylvia Mahone, Adrian Feinerman and Mikhail Magdel; that the Motions for Summary Judgment filed by Defendants Gales, Mahone, Feinerman and Magdel (Docs. 27, 34, 37, 38) be **GRANTED**; that Defendants Gales, Mahone, Feinerman and Magdel be **DISMISSED**; and that the Court adopt the undersigned's findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:** December 29, 2010

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[7] Since Defendant Obadina has not yet been served in this action, the Court does not have jurisdiction over him, and thus is unable to make any findings relative to Defendant Obadina.