IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LANG VO TRAN, IDOC # R04817,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-302-GPM |
| | ) |
| **ILLINOIS DEPARTMENT OF CORRECTIONS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Lang Vo Tran, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of sixteen years' imprisonment at the Pinckneyville Correctional Center ("Pinckneyville") for home invasion and aggravated battery, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. Specifically, Tran alleges that during his incarceration at, respectively, the Menard Correctional Center, the Pontiac Correctional Center, the Shawnee Correctional Center, and Pinckneyville, IDOC medical personnel have been deliberately indifferent to his serious medical needs, in violation of Tran's Eighth Amendment rights. On December 20, 2010, United States Magistrate Judge Donald G. Wilkerson, to whom this case has been referred for the determination of non-dispositive pretrial matters, ordered Tran to show cause why Defendant Olukunle Obadina, a physician formerly employed by Wexford Health Source, Inc. ("Wexford"), to provide medical services to prisoners at Pinckneyville who now has retired to Africa, should not be dismissed from this case. *See* Doc. 54. In the show cause order

Magistrate Judge Wilkerson noted that on May 3, 2010, he had ordered the IDOC to provide the United States Marshals Service ("USMS") with Obadina's last known address, and that a summons also was issued as to Obadina on August 30, 2010. *See id*. at 1. Magistrate Judge Wilkerson noted further that on October 22, 2010, the Court was advised by a representative of Wexford that Obadina is in retirement in Africa and that Wexford has no address where Obadina can be served. *See id*. Finally, Magistrate Judge Wilkerson noted that, although this case has been pending for over a year and Tran has been on notice for several months that Obadina has relocated to Africa, Tran has made no attempt to serve Obadina and, to date, Obadina remains unserved. *See id*. at 1-2. In light of the foregoing facts, Magistrate Judge Wilkerson directed Tran to show cause in writing not later than January 11, 2011, why Obadina should not be dismissed from these proceedings.

In response to Magistrate Judge Wilkerson's show cause order, Tran argues that he has been hindered in serving process on Obadina by his, Tran's, lack of access to the Internet, and by the fact that Tran lacks the assistance of an attorney. The Court does not agree. Although Rule 4 of the Federal Rules of Civil Procedure does not specify a time limit for effecting service of process on a foreign defendant, the United States Court of Appeals for the Seventh Circuit has stated that "the amount of time allowed for foreign service is not unlimited." *Nylok Corp. v. Fastener World Inc*., 396 F.3d 805, 807 (7th Cir. 2005) (citing *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc*., 201 F.3d 948, 952 (7th Cir. 2000)). In *Nylok* the court explicitly provided an example of a case where failure to effect service on a foreign defendant could warrant dismissal of that defendant, saying, "[i]f . . . a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim." *Id*. Under Rule 4 of the Federal Rules of

Civil Procedure, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(3). In this case, Tran is proceeding in forma pauperis and has requested that service of process be effected by the USMS. In general, for purposes of serving process on behalf of a prisoner, "the prisoner need furnish [to the USMS] no more than the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). "[O]nce that information has been provided, the [USMS] should be able to obtain a current business address and complete service." *Del Raine v. Williford*, 32 F.3d 1024, 1030 (7th Cir. 1994) (quoting *Sellers*, 902 F.2d at 602). Other decisions of the Seventh Circuit Court of Appeals suggest that the USMS must do some sort of investigative work to track down hard-to-find defendants. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996); *Graham v. Satkoski*, 51 F.3d 710, 712-13 (7th Cir. 1995).

Unfortunately, no decision of the Seventh Circuit Court of Appeals states specifically what investigative efforts on the part of the USMS will satisfy the agency's constitutional burden when attempting to serve process. However, despite the paucity of appellate authority regarding the extent of the USMS's constitutional duty in seeking to effect service of process, a sister federal trial court in this Circuit has addressed the issue clearly. In a case involving, as here, a situation in which the USMS was attempting to serve medical personnel employed through a private contractor to furnish health care services at a state prison, the court said, "reasonable efforts to locate [a former employee of the contractor] would require the [USMS] to contact the private employer or conduct a public records search on the Internet or do both in an attempt to learn the former employee's address."

*Cherry v. Berge*, No. 02-C-544-C, 02-C-394-C, 2003 WL 23204656, at *3 (W.D. Wis. Feb. 13, 2003). It is not the case, the *Cherry* court observed, that "the [USMS] is to be a private investigator for civil litigants or that [a Deputy Marshal] is to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records." *Id*. "Reasonable efforts require only that the [USMS] use a public Internet website to search for a defendant's address and, if possible, contact the former employee's employer to obtain a forwarding address if the employer is willing to give it." *Id*. The Court believes that *Cherry* is an accurate statement of the constitutional duty of the USMS (and indeed, anyone seeking to effect service of process on behalf of a prisoner) in attempting to serve a defendant whose whereabouts are unknown.

In this instance, as discussed, the USMS has contacted Obadina's former employer, Wexford, only to learn that Wexford has no address where its former employee can be reached in Africa. Additionally, the Court is aware that it is the practice of the USMS in this District to conduct an Internet search via Lexis-Nexis or another appropriate database in order to locate defendants upon whom the USMS is having difficulty effecting service. It appears that neither contacting Obadina's former employer nor conducting an Internet search as to Obadina's current whereabouts has enabled the USMS to effect service on Obadina, and so far as the Court is concerned, the USMS has discharged its constitutional duty to try to effect service on Obadina. As to the matter of whether appointed counsel for Tran might be able to discover where Obadina is, this proposition seems to the Court to be highly speculative at best. Assuredly it would require an attorney of very great skill indeed to locate a lone man in the vast continent of Africa. Moreover, the Court is not aware of any authority that requires an attorney, particularly a court-appointed attorney, to expend greater efforts

than the USMS in order to effect service on a defendant. The simple fact is that, as matters stand, Obadina now is effectively beyond the power of the Court to serve him. Said differently, Obadina has retired not only from Wexford but from this lawsuit. Accordingly, the Court will dismiss Obadina without prejudice as a party to this lawsuit. *See Lewellen v. Morley*, 875 F.2d 118, 119-20 (7th Cir. 1989) (dismissal for failure to effect service of process ordinarily is without prejudice); *Powell v. Starwalt*, 866 F.2d 964, 965 (7th Cir. 1989) (same).

To conclude, Obadina is **DISMISSED without prejudice** by reason of Tran's failure to effect service on Obadina. The Clerk of Court is directed to terminate Obadina as a party to this case on the electronic docket of the case.

**IT IS SO ORDERED.**

DATED: February 10, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge